# EXHIBIT 1

FILED
Hollie Lucas
CLERK, SUPERIOR COURT
02/23/2022 2:36PM
BY: ARUIZ
DEPUTY

Case No.: S1500CV202200015
HON. JESSICA QUICKLE

Rory Brian Riley, Esq. (ASB # 032933)
**MORGAN & MORGAN ARIZONA, PLLC**
2355 E. Camelback Rd., Suite 335
Phoenix, AZ 85016
Email: briley@forthepeople.com
Telephone: 602-735-0230
Fax: 602-735-0256

*Attorneys for Plaintiffs*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF LA PAZ

| | |
|---|---|
| ABEL ALEXEY RODRIGUEZ MELGAREJO, individually; LISANDRO LUIS GOMEZ ESTRADA, individually, | Case No.: |
| | **COMPLAINT** |
| Plaintiffs, | **(TORT-MOTOR VEHICLE)** |
| VS. | **(TIER 3)** |
| JOHN CHATMAN and JANE DOE CHATMAN, husband and wife; NAV STAR EXPRESS, INC., a foreign corporation; JUAN JOSE SORIANO AVILA and JANE DOE AVILA, husband and wife; PKR TRANSPORT, INC., a foreign corporation; ABC PARTNERSHIPS I-X; XYZ CORPORATIONS I-X; JOHN DOES I-X AND JANE DOES I-X, | |
| Defendants. | |

COMES NOW the Plaintiffs, Abel Alexey Rodriguez Melgarejo and Lisandro Luis Gomez Estrada, by and through undersigned counsel, complaining of the Defendants, and in support thereof, states as follows:

/ / /

/ / /

## I.  JURISDICTION, VENUE & PARTIES

1.     Plaintiff Abel Alexey Rodriguez Melgarejo (hereinafter referred to as "Plaintiff Melgarejo"), was and is a resident of Miami-Dade County, Florida, and the cause of action on which this Complaint is based occurred in La Paz County, Arizona.

2.     Plaintiff Lisandro Luis Gomez Estrada (hereinafter referred to as "Plaintiff Estrada"), was and is a resident of Collier County, Florida, and the cause of action on which this Complaint is based occurred in La Paz County, Arizona.

3.     Upon information and belief, Defendants John Chatman (hereinafter referred to as "Defendant Chatman"), and Jane Doe Chatman are residents of Fresno County, Florida.

4.     Upon information and belief, at the time of said collision, Defendants John Chatman and Jane Doe Chatman were acting for and on behalf of thier marital community.

5.     Upon information and belief, Defendant Nav Star Express, Inc. (hereinafter referred to as "Defendant Nav Star"), is a foreign freight shipping company, whose principal location is 325 North Burl Ave., Fresno, CA 93727 and registered under USDOT Number 2290385.

6.     Upon information and belief, and at all times alleged herein, Defendant John Chatman was an employee of Defendant Nav Star Express, Inc. and was operating the vehicle, semi-trailer and/or freight within the course and scope of his employment with Defendant Nav Star.

7.     Upon information and belief, Defendants Juan Jose Soriano Avila and Jane Doe Avila are residents of Los Angeles County, California.

8.      Upon information and belief, at the time of said collision, Defendants Juan Jose Soriano Avila (hereinafter referred to as "Defendant Avila."), and Jane Doe Avila were acting for and on behalf of thier marital community.

9.      Upon information and belief, Defendant PKR Transport, Inc. (hereinafter referred to as "Defendant PKR Transport"), is a foreign freight shipping company, whose principal location is 15218 Summit Ave., Suite 300-733 Fontana, CA 92336 and registered under USDOT Number 2638181.

10.     Upon information and belief, and at all times alleged herein, Defendant Juan Jose Soriano Avila was an employee of Defendant PKR Transport, Inc. and was operating the vehicle, semi-trailer and/or freight within the course and scope of his employment with Defendant PKR Transport, Inc.

11.     Upon information and belief, Defendants ABC PARTNERSHIPS I-X, XYZ CORPORATIONS I-X, JOHN DOES I-X AND JANE DOES I-X are fictitious entities which may have an interest herein.  At such time as the identity of any such Defendant becomes known to Plaintiff, Plaintiff will amend the Complaint to reflect such identity. Additionally, any non-party designated by a Defendant is to be considered a fictitiously named Defendant herein.

12.     Venue is proper in La Paz County because the facts giving rise to the cause of action occurred in La Paz County, Arizona.

13.     Plaintiff seeks damages in excess of the minimum jurisdictional limits of this Court.

## II. **GENERAL ALLEGATIONS**

14.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraph 1 through 13 of this Complaint as fully set forth herein.

15.     This case arises from a four (4) vehicle fatal collision that occurred on May 1, 2021 on east-bound Interstate 10 and Mile Post 64 in La Paz County, Arizona.

16.     On May 1, 2021, Defendant Nav Star was and were the lawful owner(s) and/or registered owner(s) of the commercial vehicle tractor bearing California License Plate No. XP48846 and trailer bearing California License Plate 4LK3815 (herein after referred to as "Vehicle No. 1") and was being operated by Defendant John Chatman.

17.     On May 1, 2021, Non-Party, Nelson Del Calvo was and were the lawful owner(s) and/or registered owner(s) of the White 2001 Sterling Truck, had a Arizona License Plate Number 51058B, bearing a temporary California License Plate No. of 162789  (herein after referred to as "Vehicle No. 2") and was being operated by Plaintiff Abel Alexy Rodriguez Melgarejo.

18.     On May 1, 2021, Defendant PKR Transport, Inc. was and were the lawful owner(s) and/or registered owner(s) of the freightliner commercial vehicle tractor bearing California License Plate No. XP71621 and trailer bearing California License Plate No. 4RS8734 (herein after referred to as "Vehicle No. 3") and was being operated by Defendant Juan Jose Soriano Avila.

19.     On May 1, 2021, Non-Party, Richard J. James, was operating and the lawful owner(s) and/or registered owner of the Gray/Black 2011 Honda Odyssey Van bearing Arizona License Plate Number CGL3645 (herein after referred to as "Vehicle No. 4").

20.    On May 1, 2021, Plaintiff, Abel Alexy Rodriguez Melgarejo, a restrained driver, along with Plaintiff Lisandro Luis Gomez Estrada, a restrained passenger, were traveling east-bound on I-10, approaching mile post 64.

21.    At the same date and time, Defendants were also traveling eastbound on I-10, approaching and/or near Mile Post 64.

22.    Upon information and belief, On May 1, 2022, Defendant John Chatman was traveling directly behind Plaintiff's vehicle when he failed to control the speed of his vehicle and rear-ended Plaintiff's vehicle with great force and violence.  The Arizona Department of Public Safety reported discovered alcohol beverages within Defendant's vehicle *(See Arizona Crash Report No. I21023442, Exhibit 1).*

23.    Upon information and belief, On May 1, 2022, Defendant John Chatman was operating his vehicle after having consumed alcoholic beverages and was driving his vehicle while impaired.

24.    On May 1, 2021, Defendant John Chatman operated his vehicle heedlessly, recklessly, and without regard to the consequences or the safety of others.

25.    On May 1, 2021, Defendant John Chatman operated his vehicle in a willful and wanton manner without regard to the consequences or the safety of others.

26.    On May 1, 2021, Defendant Juan Jose Soriano Avila, was operating his vehicle and traveling eastbound Interstate 10, approaching the intersection of Mile Post 64.

/ / /

/ / /

27.     On May 1, 2021, Defendant Juan Soriano Avila, failed to control the speed of vehicle and collided with Plaintiff's vehicle after it was rear-ended by Defendant John Chatman's vehicle.

28.     As a proximate result of all Defendants' negligence, carelessness and reckless driving, Defendant caused the collision with the Plaintiffs.

29.     As a proximate result of Defendants' negligence, careless and recklessness, Plaintiffs have suffered and will continue to suffer severe personal injuries, emotional distress, loss of enjoyment of life, pain and suffering and will incur additional medical expenses in the future as well as having incurred other special damages, losses, punitive and/or exemplary damages and miscellaneous expenses in amounts to be proven at trial.

30.     Plaintiffs have been required to retain the services of a law firm to prosecute this action and are entitled to reasonable attorneys' fees and costs.

### III.  COUNT ONE
**(Negligence as to ALL Defendants)**

31.     Plaintiffs re-allege and incorporate by reference the allegations of Paragraph 1 through 30 of this Complaint as fully set forth herein.

32.     Defendants owed a duty to Plaintiffs to operate their motor vehicle in a proper manner.

33.     Defendants breached thier duty of care by driving negligently.

34.     As a proximate result of Defendants' negligence, carelessness and reckless driving, Defendants caused the collision with Plaintiffs.

35.     As a proximate result of Defendants' negligence, careless and recklessness, Plaintiffs have suffered and will continue to suffer severe personal injuries, emotional distress, loss of enjoyment of life, pain and suffering and will incur additional medical expenses in the future as well as having incurred other special damages, losses, punitive and/or exemplary damages and miscellaneous expenses in amounts to be proven at trial.

36.     Plaintiffs have been required to retain the services of a law firm to prosecute this action and are entitled to reasonable attorneys' fees and costs.

## IV.  COUNT TWO
**(Negligence Per Se as to Defendant Nav Star Express, Inc. and John Chatman)**

37.     Plaintiffs re-allege and incorporate by reference the allegations of Paragraph 1 through 36 of this Complaint as fully set forth herein.

38.     The Defendant's negligence includes, but is not limited to, the following facts or omissions:

(a)     Defendant drove his vehicle in an unsafe and unreasonable manner; Defendant failed to control the speed of his vehicle and collided into Plaintiff's vehicle;

(b)     Defendant failed to exercise ordinary care to prevent injury to Plaintiffs;

(c)     Defendant failed to keep his vehicle under control, so as to avoid striking other vehicles;

(d)     Defendant failed to keep a proper lookout for vehicles to the front and the sides;

(e)     Defendant failed to make timely and proper application of his brakes;

(f)     Defendant drove his vehicles in reckless disregard for the safety of the persons and/or property of others;

(g)     Drove under the influence;

(h)     A.R.S. §28-701, A.R.S. §28-730, A.R.S. §28-1381 and A.R.S. §28-1382 are statutes intended for the safety of motorists and pedestrians on the roadway. Defendant breached his statutory duty by failing to control the speed of his vehicle, proceeded to follow Plaintiff's vehicle more closely than is reasonable and prudent as to constitute an immediate hazard, and drove under the influence of alcohol with disregard of Plaintiffs or other motorist safety.  Defendant's total disregard of Plaintiffs and/or other motorist safety and reckless driving, violated A.R.S. §28-701 A.R.S. §28-730 and A.R.S. §28-1381, and is *negligence per se*.

39.     As a proximate result of Defendant's negligence, carelessness and reckless driving, Defendant caused the collision with the Plaintiffs.

40.     As a proximate result of Defendant's negligence, careless and recklessness, Plaintiffs have suffered and will continue to suffer severe personal injuries, emotional distress, loss of enjoyment of life, pain and suffering and will incur additional medical expenses in the future as well as having incurred other special damages, losses, punitive and/or exemplary damages and miscellaneous expenses in amounts to be proven at trial.

41.     Plaintiffs have been required to retain the services of a law firm to prosecute this action and are entitled to reasonable attorneys' fees and costs.

/   /   /

/   /   /

## V.  <u>COUNT THREE</u>
**(Punitive Damages and/or exemplary damages as to Defendants Nav Star Express, Inc. and John Chatman)**

42.     Plaintiffs re-allege and incorporate by reference the allegations of Paragraph 1 through 41 of this Complaint as fully set forth herein.

43.     Defendant's conduct while driving under the influence, driving with excessive alcohol content, and his reckless and careless driving, showed total disregard for the safety of Plaintiffs and other motorists, which subjects her to a claim for punitive and/or exemplary damages.

44.     As a proximate result of Defendant's negligence, carelessness and reckless driving, Defendant caused the collision with the Plaintiffs.

45.     As a proximate result of Defendant's negligence, careless and recklessness, Plaintiffs have suffered and will continue to suffer severe personal injuries, emotional distress, loss of enjoyment of life, pain and suffering and will incur additional medical expenses in the future as well as having incurred other special damages, losses, punitive and/or exemplary damages and miscellaneous expenses in amounts to be proven at trial.

46.     Plaintiffs have been required to retain the services of a law firm to prosecute this action and are entitled to reasonable attorneys' fees and costs.

## VI.  <u>COUNT FOUR</u>
**(Negligence Entrustment as to Defendants Nav Star)**

47.     Plaintiffs re-allege and incorporate by reference the allegations of Paragraph 1 through 46 of this Complaint as fully set forth herein.

48.   The Defendants' negligence includes, but is not limited to, the following facts or omissions:

(a)   At all times material herein, Defendant Nav Star was and were the lawful owner(s) and/or registered owner(s) of the commercial vehicle tractor bearing California License Plate No. XP48846 and trailer bearing California License Plate 4LK3815 (herein after referred to as "Vehicle No. 1") and was being operated by Defendant Chatman.

(b)   Defendant Nav Star had the right to permit and the power to prohibit the use said vehicle to Defendant Chatman.

(c)   Defendant Nav Star owned a duty of care to insure said vehicle was driven by a safe and responsible driver as to not endanger other drivers on the roadway. Defendant Nav Star breached that duty of care by negligently entrusting said vehicle to Defendant Chatman.

(d)   Defendant Nav Star entrusted said vehicle to Defendant Chatman knowingly that Defendant Chatman was a careless and reckless driver that would cause an unreasonable risk of harm to Plaintiff and other drivers on the roadway.

(e)   Defendant Nav Star knew or should have known that Defendant Chatman is and was a was a careless and reckless driver due to youth, inexperience, and/or prior actions, was likely to drive said vehicle in a negligent and reckless manner.

49.   As a proximate result of Defendants' negligence, carelessness and reckless driving, Defendants caused the collision with the Plaintiffs.

50.     As a proximate result of Defendants' negligence, careless and recklessness, Plaintiffs have suffered and will continue to suffer severe personal injuries, emotional distress, loss of enjoyment of life, pain and suffering and will incur additional medical expenses in the future as well as having incurred other special damages, losses, punitive and/or exemplary damages and miscellaneous expenses in amounts to be proven at trial.

51.     Plaintiffs have been required to retain the services of a law firm to prosecute this action and are entitled to reasonable attorneys' fees and costs.

## VII.  COUNT FIVE
### (Negligence Entrustment as to Defendant PKR Transport)

52.     Plaintiffs re-allege and incorporate by   reference the allegations of Paragraph 1 through 51 of this Complaint as fully set forth herein.

53.     The Defendants' negligence includes, but is not limited to, the following facts or omissions:

(a)     At all times material herein, On May 1, 2021, Defendant PKR Transport, Inc. was and were the lawful owner(s) and/or registered owner(s) of the freightliner commercial vehicle tractor bearing California License Plate No. XP71621 and trailer bearing California License Plate No. 4RS8734 (herein after referred to as "Vehicle No. 3") and was being operated by Defendant Juan Jose Soriano Avila.

(b)     Defendant PKR Transport, Inc. had the right to permit and the power to prohibit the use said vehicle to Defendant Juan Jose Soriano Avila.

(c)     Defendant PKR Transport, Inc. owned a duty of care to insure said vehicle was driven by a safe and responsible driver as to not endanger other drivers on the

roadway. Defendant PKR Transport, Inc. breached that duty of care by negligently entrusting said vehicle to Defendant Juan Jose Soriano Avila.

       (d)    Defendant PKR Transport, Inc entrusted said vehicle to Defendant Juan Jose Soriano Avila. knowingly that Defendant Juan Jose Soriano Avila was a careless and reckless driver that would cause an unreasonable risk of harm to Plaintiff and other drivers on the roadway.

       (e)    Defendant PKR Transport, Inc knew or should have known that Defendant Juan Jose Soriano Avila is and was a was a careless and reckless driver due to youth, inexperience, and/ or prior actions, was likely to drive said vehicle in a negligent and reckless manner.

54.    As a proximate result of Defendants' negligence, carelessness and reckless driving, Defendants caused the collision with the Plaintiffs.

55.    As a proximate result of Defendants' negligence, careless and recklessness, Plaintiffs have suffered and will continue to suffer severe personal injuries, emotional distress, loss of enjoyment of life, pain and suffering and will incur additional medical expenses in the future as well as having incurred other special damages, losses, punitive and/or exemplary damages and miscellaneous expenses in amounts to be proven at trial.

56.    Plaintiffs have been required to retain the services of a law firm to prosecute this action and are entitled to reasonable attorneys' fees and costs.

## VIII. COUNT SIX
### (Respondeat Superior as to Defendants Nav Star Express, Inc.)

57.     Plaintiffs re-allege and incorporate by reference the allegations of Paragraph 1 through 56 of this Complaint as fully set forth herein.

58.     Upon information and belief, and at all times alleged herein, Defendant Chatman was an employee of Defendant Nav Star Express, Inc.

59.     Upon information and belief and at all times alleged herein, Defendant Chatman was acting within the course and scope of his employment with Defendant Nav Star Express, Inc.

60.     Defendant Chatman breached his duty of care to Plaintiffs by driving negligently, causing injuries to Plaintiffs.

61.     Since Defendant Chatman was operating the vehicle within the course and scope of his employment, Defendant Nav Star Express, Inc. is vicariously liable for the negligent actions of their employees pursuant to the doctrine of *Respondeat Superior*.

62.     The actions and/or inactions of Defendant Nav Star Express, Inc. and Defendant Chatman are the legal and proximate cause of the Plaintiff's damages.

63.     The Plaintiff has been damaged as a direct and proximate result of Defendant Chatman's negligence and carelessness, for which Defendant Nav Star Express, Inc. are liable.

64.     As a proximate result of Defendants' negligence, careless and recklessness, Plaintiffs have suffered and will continue to suffer severe personal injuries, emotional distress, loss of enjoyment of life, pain and suffering and will incur additional medical expenses in the future as well as having incurred other special damages, losses, punitive and/or exemplary damages and miscellaneous expenses in amounts to be proven at trial.

65.     Plaintiffs have been required to retain the services of a law firm to prosecute this action and are entitled to reasonable attorneys' fees and costs.

## IX. COUNT SEVEN
### (Respondeat Superior as to Defendant PKR Transport, Inc.)

66.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraph 1 through 65 of this Complaint as fully set forth herein.

67.     Upon information and belief, and at all times alleged herein, Defendant Juan Jose Soriano Avila was an employee of Defendant PKR Transport, Inc.

68.     Upon information and belief and at all times alleged herein, Defendant Juan Jose Soriano Avila was acting within the course and scope of his employment with Defendant PKR Transport, Inc.

69.     Defendant Juan Jose Soriano Avila breached his duty of care to Plaintiff by driving negligently, causing injuries to Plaintiff.

70.     Since Defendant Juan Jose Soriano Avila was operating the vehicle within the course and scope of his employment, Defendant PKR Transport, Inc. is vicariously liable for the negligent actions of their employees pursuant to the doctrine of *Respondeat Superior*.

71.     The actions and/or inactions of Defendant PKR Transport, Inc. and Defendant Juan Jose Soriano Avila are the legal and proximate cause of the Plaintiffs damages.

72.     The Plaintiffs have been damaged as a direct and proximate result of

Defendant  Juan Jose Soriano Avila's negligence and carelessness, for which Defendant PKR Transport, Inc. are liable.

73.    As a proximate result of Defendants' negligence, careless and recklessness, Plaintiffs have suffered and will continue to suffer severe personal injuries, emotional distress, loss of enjoyment of life, pain and suffering and will incur additional medical expenses in the future as well as having incurred other special damages, losses, punitive and/or exemplary damages and miscellaneous expenses in amounts to be proven at trial.

74.    Plaintiffs have been required to retain the services of a law firm to prosecute this action and are entitled to reasonable attorneys' fees and costs.

**WHEREFORE,** the Plaintiffs respectfully requests judgment against Defendants as follows:

a.   Plaintiff's past and future medical treatment and expenses.

b.   Plaintiff's loss of earnings and future loss of earning.

c.   Plaintiff's general damages in an amount to be proven at trial.

d.   For an amount which will reasonably compensate the Plaintiff for any permanent impairment, limitation, injuries, and/or disfigurement;

e.   Plaintiff 's pain and suffering, past and future;

f.   Plaintiff's loss of enjoyment of life and/or the capacity to live a full life;

g.   For an amount for punitive and/or exemplary damages.

h.   Plaintiff's special damages in an amount to be proven at trial.

i.   Plaintiff's Attorney fees and costs.

j.   Such other and further relief as the court deems just and proper.

**DATED** this 23rd day of February 2022.

**MORGAN & MORGAN ARIZONA, PLLC**

By:  */s/Rory Brian Riley*
     Rory Brian Riley, Esq.
     *Attorney for Plaintiff*

| Attorney or Party without Attorney:<br>Brian Riley,Esq<br>MORGAN AND MORGAN ARIZONA LLC<br>2355 E. Camelback Road Suite 335<br>Phoenix, AZ 85016<br>TELEPHONE No.: (602) 735-0230<br>Attorney for: Plaintiff(s) Abel Rodriguez & Lisandro L. Estrada | LA PAZ COUNTY<br>SUPERIOR COURT CLERK<br>HOLLIE LUCAS<br>2022 MAR 25  AM 9: 24 |
|---|---|

| | Ref No. or File No.:<br>12407908 – Rodriguez |
|---|---|

Insert name of Court, and Judicial District and Branch Court:
In LA PAZ COUNTY SUPERIOR COURT in and for the County of LA PAZ

Petitioner: Abel Alexey Malgarejo Rodriguez, et al.,
Respondent: John Chatman. et al.,

| **CERTIFICATE OF SERVICE** | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER:<br>S1500CV202200015 |
|---|---|---|---|---|

I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct.  At the time of service I was at least 21 years of age and authorized to serve process in this case.

I served copies of the Summons, Complaint,Certificate of Compulsory Arbitration;

a. Party served      John Chatman
   Age: 61 Race: Hispanic Sex: Male Eyes:  Height: 5'7  Weight: 220 Lbs Hair: Bald

Address where served:  8179 S Maple Ave
                       Fresno, CA 93725-9746

5.  I served the party
   a.  I personally delivered the documents to the party or person authorized to
       receive service of process for the party (1) on: 3/1/2022    (2) at: 6:47 PM

   Person who served papers:
                  Name:  Joshua Masterson
                  County of Fresno,                       The fee for service was: $ 144.00
                  3150 North 24th Street, #D104
                  Phoenix, AZ 85016
                  (602) 256-9700
                  www.nationwideasap.com

Date:  March  11 , 2022



_____
(Joshua Masterson)

AZ252518

**CERTIFICATE OF SERVICE**

# NATIONWIDE LEGAL

**PROCESS INSTRUCTIONS**
PHONE (602) 256-9700
FAX (602) 258-9720



**AZ252518**

**Server: Eddings Attorney Support Services AND** SECOND PROCESS (48 to 72 HRS)

| FIRM NAME: & ADDRESS: | CUST #: AZ2348 | COURT: |
|---|---|---|
| MORGAN AND MORGAN ARIZONA LLC | **DUE DATE #: 3/9/2022** | LA PAZ COUNTY SUPERIOR COURT |
| 2355 E. Camelback Road Suite 335 | | 1316 KOFA AVENUE, SUITE 607, PARKER, AZ 85344 |
| Phoenix AZ, 85016 | **HEARING DATE #:** | CASE# S1500CV202200015 |
| PHONE #:(602) 735-0230 | | CASE TITLE: Abel Alexey Melgarejo Rodriguez, et al., VS. John Chatman. et al., |
| FAX #: (602) 735-0256 | | |
| CONTACT: Reina Ortega EMAIL: rortega@forthepeople.com | | |
| BILLING / FILE #: 12407908 - Rodriguez | | |
| DATE / RECEIVED: 2/28/2022 | | |

**INSTRUCTIONS:** Requires 4 attempts in the next 7 days including early morning, afternoon, evening and 1 other attempt.; Photos required on all attempts; OK to SubServe

Servee:       **John Chatman**

Home Address:
          **8179 S Maple Ave**
          **Fresno, CA 93725-9746**

Documents:
   **Summons, Complaint,Certificate of Compulsory Arbitration;;**

| DATE | TIME | DRIVER # | NOTES FROM SERVER(S) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Physical Description:
   Age:            Height:            Skin:            Hair:
   Sex:            Weight:            Eyes:
   Marks:

☐ Personal Service

☐ Substituted Service

☐ Not Served

Served To: _____         Title/Rel: _____
Served At: _____         Date: _____
          _____         Time: _____
                                          Server: _____

order #: AZ252518/WORKP

Attorney or Party without Attorney:
Brian Riley, Esq
MORGAN AND MORGAN ARIZONA LLC
2355 E. Camelback Road Suite 335
Phoenix, AZ 85016
TELEPHONE No.: (602) 735-0230

Attorney for: Plaintiff Abel Rodriguez & Lisandro L. Estrada

LA PAZ COUNTY
SUPERIOR COURT CLERK
HOLLIE LUCAS MH

22 JUN -8 PM 1:58

| Ref No. or File No.: |
|---|
| 12407908 - Rodriguez |

Insert name of Court, and Judicial District and Branch Court:
In LA PAZ COUNTY SUPERIOR COURT in and for the County of LA PAZ

Petitioner: Abel Alexey Rodriguez Melgarejo, et al.,

Respondent: John Chatman, et al.,

| **CERTIFICATE OF SERVICE** | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER: |
|---|---|---|---|---|
| | | | | S1500CV202200015 |

I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct. At the time of service I was at least 21 years of age and authorized to serve process in this case.

I served copies of the Summons, Complaint, Civil Case Cover Sheet, Certificate of Compulsory Arbitration;

a. Party served      PKR Transport, Inc. c/o Taxco Business Services, Inc. (Statutory Agent)

b. Person Served     Elizabeth Mora - Bookkeeper / Authorized Agent
   Age: 45 Race: Latino  Sex: Female Eyes:  Height: 5'5"  Weight: 160 Hair: Black

Address where served: 3501 E 7th St
                      Long Beach, CA 90804-5138

5. I served the party
   a. I personally delivered the documents to the party or person authorized to
      receive service of process for the party (1) on: 5/20/2022    (2) at: 11:34 AM

Person who served papers:
NATIONWIDE LEGAL   Name:  Miguel Angel Molina
                   County of Los Angeles,  5414
                   3150 North 24th Street, #D104
                   Phoenix, AZ 85016
                   (602) 256-9700
                   www.nationwideasap.com

The fee for service was: $ 244.00

Date:  May 23, 2022



_____

(Miguel Angel Molina)



AZ260370

Attorney or Party without Attorney:
Brian Riley,Esq
MORGAN AND MORGAN ARIZONA LLC
2355 E. Camelback Road Suite 335
Phoenix, AZ 85016
TELEPHONE No.: (602) 735-0230

Attorney for: Plaintiff(s) Abel Rodriguez & Lisandro L. Estrada

Ref. No. or File No.:
12407908 - Rodriguez

LA PAZ COUNTY
SUPERIOR COURT CLERK
HOLLIE LUCAS
2022 MAR 18  AM 9:45 AS

Insert name of Court, and Judicial District and Branch Court:
In LA PAZ COUNTY SUPERIOR COURT In and for the County of LA PAZ

Petitioner: Abel Alexey Melgarejo Rodriguez, et al.,
Respondent: John Chatman, et al.,

| **CERTIFICATE OF SERVICE** | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER: S1500CV202200015 |
| --- | --- | --- | --- | --- |

I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct.  At the time of service I was at least 21 years of age and authorized to serve process in this case.

I served copies of the Summons, Complaint,Certificate of Compulsory Arbitration;

a. Party served        Nav Star Express Inc c/o Judy A. Santoni (Statutory Agent)

b. Person Served       Angela Barnes - Bookkeeper / Authorized Agent
   Age: 50 Race: Caucasian  Sex: Female Eyes:  Height: 5'4  Weight: 140 Lbs Hair: Brown

Address where served: 3142 Willow Ave Ste 102
                      Clovis, CA 93612-4745

5. I served the party
   a. I personally delivered the documents to the party or person authorized to
      receive service of process for the party (1) on: 3/2/2022    (2) at: 11:44 AM

Person who served papers:
NATIONWIDE LEGAL   Name:  Brian L. Turner
                   County of Fresno,  S201710000040
                   3150 North 24th Street, #D104
                   Phoenix, AZ 85016
                   (602) 256-9700
                   www.nationwideasap.com

                                    The fee for service was: $ 144.00

Date:  March 7, 2022

_____
(Brian L. Turner)

AZ252520



**CERTIFICATE OF SERVICE**

FILED
Hollie Lucas
CLERK, SUPERIOR COURT
04/18/2022 12:30PM
BY: ARUIZ
DEPUTY

1 | Jeffrey L. Smith/Bar No. 023470
2 | Vincent R. Miner/Bar No. 033879
**SANDERS & PARKS, P.C.**
3 | 3030 North Third Street, Suite 1300
Phoenix, AZ  85012-3099
4
Firm E-mail:  minutes@sandersparks.com
5
Jeffrey L. Smith
6 |   Direct Phone: 602.532.5686
  Direct Fax: 602.230.5032
7 |   E-Mail: jeffrey.smith@sandersparks.com
8
Vincent R. Miner
9 |   Direct Phone: 602.532.5609
  Direct Fax: 602.230.5009
10 |   E-Mail: vincent.miner@sandersparks.com
11
Attorneys for Defendants Nav Star Express
12 |   and John Chatman
13
## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
14
## IN AND FOR THE COUNTY OF LA PAZ
15

16 | ABEL ALEXEY RODRIGUEZ                  | Case No.:  S1500CV202200015
17 | MELGAREJO, individually; and
LISANDRO LUIS GOMEZ ESTRADA,            | **DEFENDANTS NAV STAR EXPRESS,**
18 | individually,                          | **INC. AND JOHN CHATMAN'S**
                                             **ANSWER AND AFFIRMATIVE**
19 |                    Plaintiffs,         | **DEFENSES TO PLAINTIFF'S**
                                             **COMPLAINT**
20 | v.

21 | JOHN CHATMAN and JANE DOE
22 | CHATMAN, husband and wife; NAV STAR    | *(Assigned to the Honorable Jessica*
EXPRESS, INC., a foreign corporation;   | *Quickle)*
23 | JUAN JOSE SORIANO AVILA and JANE
DOE AVILA, husband and wife; PKR
24 | TRANSPORT, INC., a foreign corporation;
ABC PARTNERSHIPS I–X; XYZ
25 | CORPORATIONS I–X; JOHN DOES I–X;
and JANE DOES I–X,
26
27 |                    Defendants.
28

By and for their Answer and Affirmative Defenses to Plaintiffs' Complaint, Defendants Nav Star Express, Inc. and John Chatman hereby admit, deny, and affirmatively allege as follows.

1.    These answering Defendants are without sufficient knowledge or information to allow them to admit or deny the allegations contained in Paragraphs 1 and 2 of Plaintiffs' Complaint and therefore deny the same and demand strict proof thereof.

2.    These answering Defendants deny the allegations contained in Paragraphs 3 and 4 of Plaintiff's Complaint.

3.    These answering Defendants admit the allegations contained in Paragraphs 5 and 6 of Plaintiff's Complaint.

4.    These answering Defendants are without sufficient knowledge or information to allow them to admit or deny the allegations contained in Paragraphs 7, 8, 9, 10, 11, 12, 13, and 14 of Plaintiffs' Complaint and therefore deny the same and demand strict proof thereof.

5.    These answering Defendants admit the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

6.    In response to Paragraph 16 of the Complaint, these answering Defendants admit John Chatman was driving the tractor trailer but deny it was owned by Defendant Nav Star.

7.    These answering Defendants are without sufficient knowledge or information to allow them to admit or deny the allegations contained in Paragraphs 17, 18, 19, 20, 21, and 22 of Plaintiffs' Complaint and therefore deny the same and demand strict proof thereof.

8.    These answering Defendants deny the allegations contained in Paragraphs 23, 24 and 25 of Plaintiff's Complaint.

9.    These answering Defendants are without sufficient knowledge or information to allow them to admit or deny the allegations contained in Paragraphs 26 and 27 of Plaintiffs' Complaint and therefore deny the same and demand strict proof thereof.

10.    These answering Defendants deny the allegations contained in Paragraphs 28, 29, and 30 of Plaintiff's Complaint.

11.    Responding to Paragraph 31 of Plaintiffs' Complaint these answering Defendants re-assert the foregoing responses to the preceding Paragraphs in Plaintiffs' Complaint as though

1 they were set forth verbatim herein.

2     12.    These answering Defendants are without sufficient knowledge or information to
3 allow them to admit or deny the allegations contained in Paragraph 32 of Plaintiffs' Complaint
4 and therefore deny the same and demand strict proof thereof.

5     13.    These answering Defendants deny the allegations contained in Paragraphs 33, 34,
6 35 and 36 of Plaintiff's Complaint.

7     14.    Responding to Paragraph 37 of Plaintiffs' Complaint these answering Defendants
8 re-assert the foregoing responses to the preceding Paragraphs in Plaintiffs' Complaint as though
9 they were set forth verbatim herein.

10     15.    These answering Defendants deny the allegations contained in Paragraphs 38
11 (including all subparts), 39, 40, and 41 of Plaintiff's Complaint.

12     16.    Responding to Paragraph 42 of Plaintiffs' Complaint these answering Defendants
13 re-assert the foregoing responses to the preceding Paragraphs in Plaintiffs' Complaint as though
14 they were set forth verbatim herein.

15     17.    These answering Defendants deny the allegations contained in Paragraphs 43, 44,
16 45 and 46 of Plaintiff's Complaint.

17     18.    Responding to Paragraph 47 of Plaintiffs' Complaint these answering Defendants
18 re-assert the foregoing responses to the preceding Paragraphs in Plaintiffs' Complaint as though
19 they were set forth verbatim herein.

20     19.    These answering Defendants deny the allegations contained in Paragraphs 48
21 (including all subparts), 49, 50, and 51 of Plaintiff's Complaint.

22     20.    Responding to Paragraph 52 of Plaintiffs' Complaint these answering Defendants
23 re-assert the foregoing responses to the preceding Paragraphs in Plaintiffs' Complaint as though
24 they were set forth verbatim herein.

25     21.    These answering Defendants are without sufficient knowledge or information to
26 allow them to admit or deny the allegations contained in Paragraphs 53, 54, 55, and 56 of
27 Plaintiffs' Complaint and therefore deny the same and demand strict proof thereof.

28     22.    Responding to Paragraph 57 of Plaintiffs' Complaint these answering Defendants

re-assert the foregoing responses to the preceding Paragraphs in Plaintiffs' Complaint as though they were set forth verbatim herein.

23.     These answering Defendants are without sufficient knowledge or information to allow them to admit or deny the allegations contained in Paragraphs 58, 59, 60, 61, 62, 63, 64, and 65 of Plaintiffs' Complaint and therefore deny the same and demand strict proof thereof.

24.     Responding to Paragraph 66 of Plaintiffs' Complaint these answering Defendants re-assert the foregoing responses to the preceding Paragraphs in Plaintiffs' Complaint as though they were set forth verbatim herein.

25.     These answering Defendants are without sufficient knowledge or information to allow them to admit or deny the allegations contained in Paragraphs 67, 68, 69, 70, 71, 72, 73, and 74 of Plaintiffs' Complaint and therefore deny the same and demand strict proof thereof.

## GENERAL ALLEGATIONS AND AFFIRMATIVE DEFENSES

1.     Defendants deny each and every allegation in Plaintiffs' Complaint that is not expressly admitted or otherwise pleaded to herein.

2.     Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

3.     Plaintiffs' own contributory and/or comparative negligence was the sole and proximate cause of the claimed injuries, and such negligence bars in whole or in part Plaintiffs' claim against Defendants.

4.     Defendants deny that Defendant Chatman consumed alcohol or was otherwise impaired any time pertinent to the allegations in Plaintiff's Complaint.

5.     Plaintiffs may have failed to exercise reasonable care and such action constitutes negligence and/or comparative/contributory fault and/or assumption of the risk, thereby reducing or barring any recovery against Defendants.

6.     Defendants deny that Defendant Chatman acted recklessly, that he was insufficiently trained and/or an inappropriate driver as it relates to all matters alleged herein.

7.     Plaintiffs may have failed to mitigate damages.

- 4 -

8.     No act by Defendants involved any intent to injure, an evil mind, deliberate interference with the rights of others or a conscious disregard of the unjustifiably substantial risk of harm to Plaintiffs or others so as to implicate punitive damages.

9.     Defendant reserves the right to plead further affirmative defenses, including the failure to mitigate damages and those affirmative defenses set forth in Rule 8(c) and 12(b), Arizona Rules of Civil Procedure, as may be justified by the facts determined during discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant prays that the Complaint be dismissed, that Plaintiff take nothing thereby, and that Defendant be discharged, awarded costs incurred herein, and such other and further relief as the Court deems proper.

RESPECTFULLY SUBMITTED this 18th day of April 2022.

**SANDERS & PARKS, P.C.**

By _____

Jeffrey L. Smith
Vincent R. Miner
3030 North Third Street, Suite 1300
Phoenix, AZ  85012-3099
Attorneys for Defendants Nav Star Express and
John Chatman

Original of the foregoing filed via the Clerk's
ECF filing system this 18th day of April 2022

Copy sent via the Clerk's ECF filing system to:

The Honorable Jessica Quickle
La Paz County Superior Court
1316 S. Kofa Ave., Suite 607
Parker, AZ 85344

Copy emailed this same day to:

Rory Brian Riley
Morgan & Morgan Arizona, PLLC
2355 E. Camelback Rd., Suite 335
Phoenix, AZ 85016
briley@forthepeople.com
Attorneys for Plaintiffs

/s/ Diana L. Clark

- 5 -